# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY B. SIMMONS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-10-3414 |
| WARDEN CORCORAN | * | |
| Defendant | * | |

## MEMORANDUM

Pending are motions to dismiss filed by defendants Ayalew, Bogucki, CMS, and Steele. ECF No. 13, 14, 15, and 26. Also pending is a motion to dismiss or for summary judgment filed by defendant Corcoran.[1] ECF No. 25. Plaintiff opposes the motions. ECF No. 18 and 28. In addition plaintiff has filed a motion for summary judgment. ECF No. 19. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

## Background

Plaintiff claim that "during the years of the early 1990's" he suffered several injuries during a fight with his cell mate. He states the fight occurred after he made several requests to staff to be relocated, but his requests were ignored. The injuries he received included facial lacerations, a broken nose, and chipped teeth. He states he was treated for those injuries at the University of Maryland Hospital, but did not get any relief. During the months of October and November of 2010, plaintiff states he was diagnosed with pain, nose bleeds, and breathing problems associated with the old injury to his nose. He claims Dr. Ayalew prescribed medication for him which caused side effects such as dizziness, headaches, and insomnia.

---

[1] Defendant Corcoran's motion for extension of time (ECF No. 17) shall be granted nunc pro tunc.

Plaintiff states that he has been denied surgery for his nose and teeth by Dr. Ayalew based on the cost of the procedures. ECF No. 1 at p. 4; ECF No. 4 at p. 4.

## Standard of Review

Defendants seek to dismiss plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 651 (D. Md. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (internal citations omitted). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people." *Id.* at 557—58 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U. S. 336 (2005)).

2

"[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S.__, __, 129 S. Ct. 1937, 1949 (2009).

## Analysis

To the extent that plaintiff seeks to claim damages for injuries sustained more than three years ago, his claim is time-barred. Although 42 U.S.C. §1983 does not contain a time limitation for claims, it is well established that the equivalent statute of limitations found in the appropriate state law applies. In Maryland the statute of limitations for personal injury claims is three years from the date of injury. "Statutes of limitations, like the one contained in [Md. Cts & Jud. Proc. Code Ann.] § 5-101, are intended simultaneously to 'provide adequate time for diligent plaintiffs to file suit,' to 'grant repose to defendants when plaintiffs have tarried for an unreasonable period of time,' and to 'serve societal purposes,' including judicial economy." *Doe v. Maskell*, 342 Md. 684, 689, 679 A. 2d 1087, 1089 (1996), *quoting Pennwalt Corp. v. Nasios*, 314 Md. 433, 437, 550 A.2d 1155, 1158 (1988).

To the extent the complaint alleges recent denial of medical care in violation of plaintiff's Eighth Amendment rights, the complaint fails to state a claim. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the

prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000), *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff has failed to allege that the medical condition he has is serious or that the pain he suffers is such that defendants have actual knowledge of any suffering on his part. At most, plaintiff has alleged he has been denied medical treatment that he wants, but not treatment which

is recognized by medical personnel as essential to alleviating a serious, painful or life-threatening condition. Thus, the allegation against Dr. Ayalew must fail.

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir.2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).

The complaint mentions only Dr. Ayalew's name in the context of an alleged failure to provide medical care. ECF No. 1 and 4. There are no allegations of prsonal wrongdoing by any of the other defendants who are only mentioned in the caption of the complaint. Thus, defendants Corcoran, Bogucki, CMS, and Steele are entitled to dismissal from the case because there is no allegation that they engaged in conduct that caused plaintiff harm. Plaintiff's opposition to defendants' motions offers no further illimunation as to the basis for his claims

5

against these defendants; rather, he simply repeats the allegations raised in the complaint and the amended complaint.  In addition, his motion for summary judgment offers no further support for the claim.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case will be the first filed by plaintiff that has been dismissed for failure to state a claim upon which relief may be granted.

A separate order follows.


____June 10, 2011_____                  ____/s/_____
Date                                              J. Frederick Motz
                                                  United States District Judge